# Questions Raised by the Attorney General's Service as a Trustee of the National Trust for Historic Preservation

No conflict of interest or breach of fiduciary duty is created where the Attorney General is responsible for defending a suit brought against the Army Corps of Engineers by the National Trust for Historic Preservation, on whose Board of Trustees he serves, by statute, as an ex officio member As an ex officio trustee, the Attorney General is always presumed to be representing the interests of the United States, especially in those situations in which the interests of the Trust and those of the United States conflict, so that no question of divided loyalty arises.

While the Attorney General is authorized to participate in litigation involving the National Trust if he considers it to be in the interests of the United States, the National Trust is not a federal agency such that the Attorney General has the authority to supervise and control all litigation to which the Trust is a party.

The terms "officer, director, or trustee" in 18 U.S.C. § 208 do not include an ex officio member of an essentially private body, whose service in that body derives only from an office of public trust.

While a trustee ordinarily owes a duty of loyalty to the beneficiaries of the trust, that requirement may be altered by the terms of the trust, in this case the statute which established the Trust and which made the Attorney General an ex officio trustee

July 14, 1982

## MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL, LAND AND NATURAL RESOURCES DIVISION

This responds to your request for our opinion whether a suit filed by the National Trust for Historic Preservation in the United States (National Trust or Trust) against the Army Corps of Engineers creates a conflict of interest or breach of fiduciary duty for you or the Attorney General. The question arises because the Attorney General is designated by statute as an ex officio member of the Board of Trustees of the National Trust, a responsibility he has delegated to you in your capacity as Assistant Attorney General of the Land and Natural Resources Division, while you and the Attorney General also have supervisory authority over the defense of the suit on behalf of the Corps of Engineers. For the reasons set forth below, we conclude that no conflict of interest or breach of fiduciary duty arises because of these dual responsibilities.[1]

---

[1] A preliminary issue we have considered is whether the Attorney General has the authority under 28 U.S.C. § 519 to control litigation filed by the Trust. Section 519 provides in relevant part that

[e]xcept as otherwise authorized by law, the Attorney General shall supervise all litigation to which the United States, an agency, or officer thereof is a party . . .

Although, as we have concluded on previous occasions, the Attorney General may participate on behalf of the

Continued

# I. Background

## A. National Trust

The National Trust was established by Congress in 1949 as a "charitable, educational, and nonprofit corporation" and given a mandate:

> to receive donations of sites, buildings, and objects significant in American history and culture, to preserve and administer them for public benefit, to accept, hold, and administer gifts of money, securities, or other property of whatsoever character for the purpose of carrying out the preservation program, . . .

16 U.S.C. § 468. Since its creation, the National Trust has focused its efforts on administering properties and funds designated for historic preservation, acquiring historic properties, and cooperating with and/or financing state, local, and private historic preservation efforts. For example, the Trust owns and manages a number of historic properties, such as the Decatur House in Washington, D.C., and the Woodlawn Plantation in Mount Vernon, Virginia.

The members of the Trust include individuals, private corporations, and organizations concerned with historic preservation, such as historic societies and museums. The enabling statute provides that the affairs of the Trust shall be under the general direction of a board of trustees. 16 U.S.C. § 468b. Three federal officials—the Attorney General, the Secretary of the Interior, and the Director of the National Gallery of Art—are designated as ex officio members of the Board of Trustees. Each may delegate his responsibilities and, under the Trust's bylaws, is entitled to vote on matters coming before the Board. The remainder of the Board is composed of not less than six general trustees[2] chosen by the members of the

---

United States in litigation involving the National Trust if he considers participation to be in the interests of the United States, see 28 U S C § 518(b), we do not believe that the National Trust is a federal "agency" within the meaning of § 519 such that the Attorney General has the authority to supervise or control all litigation to which the Trust is a party The legislative history of the statute that created the Trust, Ch. 755, 63 Stat. 927 (1949), 16 U.S.C. § 468, makes it clear that Congress intended the Trust to be a nongovernmental, voluntary entity organized for the purpose of encouraging and facilitating private cooperation in historic preservation efforts See S Rep. No 1110, 81st Cong , 1st Sess. 1–2, reprinted in [1949] U S. Code Cong & Ad News 2285–86 The composition of the Board of Trustees (see text infra at 3) is consistent with the view that Congress did not intend the Trust to be a federal agency subject to the litigating control of the Attorney General. With the exception of the three federal trustees, who serve ex officio, the trustees are all selected by the members of the Trust, without federal involvement. Since the federal trustees do not form a majority of the Board, the Trust is simply not subject to executive control In fact, were the Trust an agency of the Executive Branch, the method of selecting trustees might raise serious constitutional questions under the Appointments Clause (Art II, § 2, cl. 2), in that the trustees, who would then presumably be "officers" of the United States, are not appointed by the President Moreover, as far as we have been able to determine, the Trust has historically engaged in litigation on its own behalf, either through staff or private counsel The Trust has occasionally requested the cooperation or assistance of the Department of Justice in particular litigation when the United States' interests have appeared to be the same as the Trust's, but neither the Trust nor the Department of Justice has ever taken the position that, absent such a request and a finding of a federal interest justifying the Department's participation, the Attorney General could or should supervise and control litigation involving the Trust. Therefore, we see no reasonable basis upon which the Attorney General could assert authority to control the present litigation.

[2] The Board of Trustees may, in its discretion, increase the number of general trustees. 16 U S.C § 468b At present, there are 30 general trustees

444

Trust. The Chairman of the Board of Trustees is elected by a majority vote of the members of the Board. *Id.*

## B. Present Litigation

By memorandum dated June 21, 1982, Michael L. Ainslie, President of the National Trust, informed the Board of Trustees that the Trust and three private historic preservation organizations would file suit against the United States Army Corps of Engineers on June 22, 1982, in the United States District Court for the Southern District of Ohio, seeking injunctive relief and a declaratory judgment to halt an alleged violation by the Corps of § 106 of the National Historic Preservation Act of 1966, Pub. L. No. 89-665, 80 Stat. 917, 16 U.S.C. § 470f.[3] The basis for the complaint is the alleged failure of the Corps to afford the Advisory Council on Historic Preservation a "reasonable opportunity to comment" prior to the Corps' issuance of a permit for construction of a coal-barge loading facility on the Ohio River in Cincinnati, Ohio. This permit will allegedly have an adverse effect on the Anderson Ferry, a property that has been determined to be eligible for inclusion on the National Register of Historic Places.

As far as you are aware, neither this suit nor the facts upon which its allegations were framed have been discussed at any meeting of the Board of Trustees of the National Trust. You and the Attorney General first became aware of the suit when your representative on the Board received Mr. Ainslie's memorandum of June 21, 1982.[4]

## II. Analysis

You are concerned that the Attorney General or you, as his representative on the Trust, may face a conflict of interest because questions concerning the conduct of the litigation by the Trust against the Corps or confidential information about the basis for the litigation may be brought before the Board for its consideration. If the subject matter of the litigation were brought to the Board, either at the request of the Trust's staff or at the Board's own initiative, you or the Attorney General could be placed in the position of voting on whether or how to conduct litigation against a client agency of the Department of Justice, or could be given information that would be helpful to the defense by the Department of Justice of the Corps of Engineers in the litigation, and therefore potentially harmful to the interests of the Trust. While it could be politically awkward for you or the Attorney General to be placed in that position, and you might therefore

---

[3] Section 106 of the National Historic Preservation Act provides in pertinent part that the head of any federal agency or department with authority to license a federal or federally assisted undertaking shall, prior to approval or issuance of any license or expenditure of any federal funds, take into account the effect of the undertaking on districts, sites, buildings, structures, or objects eligible for inclusion in the National Register, and must afford the Advisory Council on Historic Preservation "a reasonable opportunity to comment with regard to such undertaking " 16 U S C. § 470f.

[4] Filing of the suit was apparently approved by the Trust's Executive Committee, a body authorized by the bylaws to exercise powers of the Trustees between meetings of the Board, subject to the control of the Board No federal trustee currently sits as a member of the Executive Committee

choose to refrain from participating in any discussion or consideration of the litigation by the Board, we do not believe that any actual or apparent conflict of interest is created under applicable federal statutes and regulations or the Code of Professional Responsibility.

The only provision of the conflict of interest laws that remotely could be said to bear on this question is 18 U.S.C. § 208. This provision prohibits, *inter alia,* an Executive Branch officer from personally and substantially participating, as such officer, in any particular matter as to which an organization in which he is serving as "officer, director, [or] trustee" has a "financial interest."[5] Even assuming that the National Trust has a "financial interest" in the litigation, which seems doubtful,[6] in our view the Attorney General does not serve as an "officer, director, [or] trustee" of the Trust within the meaning of § 208, because he serves as trustee only in an ex officio capacity.

Section 208 is premised on the concern that a federal officer or employee who is also an officer, director, or trustee of an organization may act in the interests of that organization, rather than in the interests of the United States, in any matter that he, acting as a federal officer or employee, can influence. An ex officio member of an organization, however, serves only by virtue of his holding a particular office. When the office from which his service derives is not an office in the organization itself, and is in fact a public office of trust, the reasonable inference to be drawn is that the ex officio member serves only in the interest of his outside office, and not in the interest of the organization, except to the extent that those interests are consistent. Therefore, it is the position of the Office of Legal Counsel that "officer, director, [or] trustee," as used in § 208, should not be read to include an ex officio member of an essentially private body, whose service in that body derives only from a public office of trust.[7]

That is, the Attorney General, as an ex officio member of the National Trust, is charged with the responsibility of representing the interests of the United States in matters that come before the Trust.[8] If the Trust's interests and those of the United States are the same with respect to a particular matter coming before the Board, the Attorney General can, in effect, further the interests of the Trust.

---

[5] Section 208 is restated, with modifications not relevant here, in the Department of Justice's conflict of interest regulations. 28 C.F.R. § 45 735–5 (1981). The remaining regulations dealing with conflicts of interest for Department of Justice officers or employees are not applicable here.

[6] The National Trust apparently does not own or manage the Anderson Ferry, which is the historic property allegedly threatened by the Corps of Engineers' actions, and therefore it is difficult to see how the Trust would have any financial interest at stake in the litigation.

[7] This Office has previously taken this position in response to a possible conflict of interest raised by participation by the Attorney General and Deputy Attorney General in a decision whether to file an antitrust suit against the American Bar Association (ABA), in light of their ex officio membership in the ABA House of Delegates. *See* Memorandum to Thomas E. Kauper, Assistant Attorney General, Antitrust Division, from Mary C Lawton, Deputy Assistant Attorney General, Office of Legal Counsel (May 21, 1976).

[8] The legislative history of 16 U.S.C § 468b is silent on the reason for inclusion of the Attorney General as an ex officio trustee of the National Trust. The most reasonable inference to be drawn, particularly as Congress did not contemplate that the Trust would be subject to control by the Executive Branch (*see* note 1, *supra*), is that Congress intended the Attorney General to represent the interests of the United States—not that Congress intended the Attorney General to provide legal representation for the Trust.

However, if those interests conflict, the responsibility of the Attorney General is clear; he must represent the interests of the United States in accordance with his responsibilities as chief federal law enforcement officer. No question of divided loyalties is presented, and we believe therefore that the proscriptions of § 208 do not apply.

We have also considered those canons of the Code of Professional Responsibility that might be said to bear on your question. Three canons are possibly relevant: Canon 4, which provides that a lawyer should preserve confidential information of his client; Canon 5, which provides that a lawyer should exercise independent professional judgment on behalf of his client; and Canon 9, which provides that a lawyer should avoid "even the appearance of professional impropriety."

Each of these canons applies to professional participation by a lawyer in a matter in which he or she has or appears to have divided loyalties—for example, if he or she represents multiple clients with conflicting interests or has personal dealings or responsibilities that could influence his or her professional judgment. As we discussed with respect to applicability of the conflict of interest laws, the Attorney General has no such divided loyalties here; his only "client" is the United States, and his responsibility is to represent the interests of the United States. It is our view, therefore, that no actual or apparent conflict of interest or appearance of impropriety exists for the Attorney General, or therefore for you, with respect to the current suit.

A related question is whether the Attorney General would breach some fiduciary duty owed to the Trust, for example, by disclosing confidential information given to the trustees to Department lawyers responsible for defending the suit on behalf of the Corps of Engineers. In private trust law, a trustee generally owes a duty of loyalty to the beneficiaries of the trust and may not put himself in a position in which it would be to his benefit (here, to the benefit of the United States) to violate his fiduciary duty. *See* 2 Scott, The Law of Trusts ? 170 (3d ed. 1967). For much the same reason as we discussed above with respect to any possible conflict of interest, we do not believe that, if the interests of the United States are at stake, the Attorney General owes a fiduciary duty to the Trust.[9] The Attorney General's role and responsibility vis-à-vis the Trust are only those imposed by statute. As we have discussed, his statutory responsibility under 16 U.S.C. § 468b is to represent the interests of the United States. Similarly, his statutory responsibility under 28 U.S.C. § 519 (*see* note 1, *supra*) is to exercise his best judgment to determine if and how to defend the Army Corps of Engineers against the claims filed by the National Trust. We do not see how the Attorney General could be thought to violate a fiduciary duty to the Trust by carrying out his statutory responsibilities in a manner that, in his best judgment, is necessary to serve the interests of the United States.

---

[9] We do not deal with the question whether the Attorney General stands in a fiduciary relationship, in his capacity as trustee, with respect to matters that do not involve the interests of the United States.

Even if the Attorney General is governed by principles applicable to private trustees, it is a well-settled principle under private trust law that, while a trustee ordinarily owes a duty of loyalty to the beneficiaries of the trust, that requirement may be altered by the terms of the trust:

> [W]here the settlor knew when he drew the trust that the trustee whom he proposed to name was then in a position which after the acceptance of the trust would expose him to a conflict between personal and representative interest, it has been held that there was an implied exemption from the duty of loyalty so far as that transaction was concerned.

G. Bogert, Trusts and Trustees § 543 at 583 (2d ed. 1960).

When Congress established the National Trust, it could have foreseen that the Attorney General might be placed in a position in which there would be a conflict between the interests of the Trust and the interests of the United States. Thus, even applying private trust law principles, there is no breach of fiduciary duty inherent in the Attorney General's participation in matters coming before the Board of Trustees while the current litigation is pending, including the subject of the litigation itself.

We conclude that you, the Attorney General, or your delegated representative may continue to participate in all activities of the Board of Trustees during the pendency of the suit against the Corps of Engineers, and that neither you nor the Attorney General need disqualify yourself from supervision of the litigation on behalf of the Corps. If you feel it advisable from a policy standpoint, you may, of course, discuss any concerns you may have with the Trust, or may choose to recuse yourself from consideration of any questions concerning the litigation that may come before the Board. We do not believe, however, that you are obligated to do so.

LARRY L. SIMMS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

448